**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSEPH CAP, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| vs. | : | NO. 14-5840 |
| | : | |
| JAMES L. KELSHAW, JR., et al., | : | |
|     Defendants | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                   **January 26, 2015**

This action was removed from the Court of Common Pleas of Lehigh County. It alleges two counts of malicious prosecution against Price Rite Corporation, two of its managers, two of its security guards, and an Allentown police officer. The police officer removed the case here due to its federal question, then filed a motion to dismiss the claims against him. Joseph Cap, the *pro se* plaintiff, has not responded to the motion and the time in which to respond has expired. For the following reasons, I will grant the motion in its entirety, and find that granting leave to amend the complaint would be futile. Further, I decline to exercise supplemental jurisdiction over the remaining state claims, and I will remand this action to the state court.

**I.  BACKGROUND**

The complaint alleges that on May 28, 2010, Mr. Cap was a customer at the Price Rite supermarket in Allentown, Pennsylvania. While there, an elderly customer accused him of stealing the store's shopping cart, groceries, and some green bags. See Compl. ¶ 14. Subsequently, on June 10, 2010, Mr. Cap returned to the Price Rite store to serve an

"injunction to preserve the store videos." Id. ¶ 15. The injunction notified the store manager of the date and time that Mr. Cap would be in court seeking the videos. Id. On that assigned day, the store manager appeared before the Lehigh County Court of Common Pleas and requested a continuance. The court denied the continuance and Mr. Cap's injunction requesting the videos. Id. ¶ 16. Undaunted, Mr. Cap initiated a civil action against Defendant Price Rite in an additional attempt to preserve the videos. Id. ¶ 17. On June 10, 2010, Mr. Cap personally served the complaint on Defendant Jon Wiltrout, a manager at Price Rite. Id. Defendant Wiltrout instructed the store's security guard to detain Mr. Cap while the Allentown police were summoned. Id. ¶ 18. Defendant James L. Kelshaw, Jr., an Allentown police officer, arrived on the scene and asked that Mr. Cap sit in the back of his police cruiser. Officer Kelshaw also advised Mr. Cap that he was not under arrest. Mr. Cap complied with the request, and Officer Kelshaw drove him home. Id. ¶ 20.

Several days later, Mr. Cap received a summary citation in the mail charging him with Defiant Trespass, in violation of 18 Pa.C.S. § 3503(b)(1)(i),[1] setting a hearing date

---

[1] Mr. Cap indicates that violation of this statute is a misdemeanor of the third degree. The state court docket in Mr. Cap's case, however, indicates that it is a summary offense. See Document #2-2 at 2. Although this matter is being decided pursuant to Fed. R. Civ. P. 12(b)(6), I may consider the state court docket appended to Officer Kelshaw's motion to dismiss inasmuch as it constitutes an official court document whose authenticity cannot reasonably be questioned and it is intimately related to matters raised in Mr. Cap's complaint. See Jones v. ABN Amro Mortg. Group, Inc., 606 F.3d 119, 125 n.2 (3d Cir. 2010) (noting that a "court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document") (quoting Miller v. Clinton County, 544 F.3d 542, 550 (3d Cir.2008)). In addition, this court may take judicial notice of the magisterial proceedings in connection with this Rule 12(b)(6) adjudication. See O'Boyle v. Braverman, 337 F.App'x 162, 164 (3d Cir. 2009) (to resolve a Rule 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint).

of July 10, 2010.  Id. ¶ 21.  At the hearing, Defendant Kelshaw requested a continuance which was granted.  Id. ¶ 27.  Subsequently, Mr. Cap was notified through first class mail that he had been found guilty of the summary offense *in absentia* on August 25, 2010, and was fined $457.50.  Id. ¶ 32.  Mr. Cap immediately but unsuccessfully sought a new trial date because he had not been notified of the August date.  Id.  Mr. Cap appealed, and on September 14, 2012, after a hearing, was found not-guilty "by agreement of the parties."  See Compl. Exh. A.

Mr. Cap brought this case seeking "special damages as may be shown and for general compensatory damages in tort as may be fixed by the jury, punitive damages as may be assessed by the jury, and for costs, disbursements, and reasonable attorney fees incurred as a result of defending the malicious defiant trespass action."  See Compl. ¶ 52.

## II.  STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Following the Supreme Court decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), pleadings standards in federal actions have shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss under Fed. R. Civ. P.12(b)(6).  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009); see also Phillips v. County of Allegheny, 515 F. 3d 224, 230 (3d Cir. 2008).

Therefore, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The court must accept all of the complaint's well-pleaded facts as true but may disregard legal conclusions. Iqbal, 556 U.S. at 679. Second, a district court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. Id.; see also Phillips, 515 F.3d at 234-235. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Twombly, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557.

**III. DISCUSSION**

Mr. Cap originally brought this action in the Court of Common Pleas for Lehigh County against the defendants for malicious prosecution. Defendant Kelshaw, a police officer for the City of Allentown, removed the case here pursuant to 28 U.S.C. § 1331, citing this court's original jurisdiction over federal questions, i.e., a violation of Mr. Cap's Fourth Amendment rights pursuant to 42 U.S.C. § 1983. Under 42 U.S.C. § 1983, a private party may recover in an action against any person acting under the color of state law who deprives the party of his or her constitutional rights. Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and law, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Section 1983 does not by itself confer substantive rights, but instead provides a remedy for redress when a constitutionally protected right has been violated. Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985). Therefore, in order to succeed on a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate: (1) the violation of a right secured by the Constitution, and (2) that the constitutional deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Here, Officer Kelshaw is the only named defendant who could be said to have acted under the color of state law, and thus is the only defendant who is potentially liable under § 1983.

Federal courts have recognized a federal cause of action based on malicious prosecutions that violate the Fourth Amendment. To prove malicious prosecution under § 1983, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007). The type of constitutional injury the Fourth Amendment is intended to redress is the deprivation of liberty accompanying prosecution, not prosecution itself." DiBella v. Borough of Beachwood, 407 F.3d 599, 603 (3d Cir. 2005). The test for determining whether there has been a deprivation of liberty in a malicious prosecution case is, "[w]hen the state places constitutionally significant restrictions on a person's freedom of movement for the purpose of obtaining his presence at a judicial proceeding, that person has been seized within the meaning of the Fourth Amendment." Schneyder v. Smith, 653 F.3d 313, 321-322 (3d Cir. 2011).

Here, the alleged facts do not support a finding that Mr. Cap suffered a deprivation of liberty consistent with the concept of a Fourth Amendment seizure. Mr. Cap was merely issued a non-traffic citation based on a summary offense, and was not arrested. See Ickes v. Flanagan, et al., 2009 U.S. Dist. LEXIS 15455, at *3 (W.D. Pa. Feb. 27, 2009) (issuance of citation for summary offense and imposition of a fine did not constitute malicious prosecution in violation of the Fourth Amendment where plaintiff was never arrested). He was never taken into custody, otherwise restrained, or required

6

to post bail. He was free to travel and did not have to report for pretrial supervision. See DiBella, 407 F.3d at 603. Even Mr. Cap's allegations that Officer Kelshaw requested him to sit in the police cruiser and that the Price Rite store manager asked him to remain in the store until the police were summoned are insufficient to show he was deprived of a liberty interest. See Penberth v. Krajnak, et al., 347 F.App'x 827, 829 (3d Cir. 2009) (finding that being arrested and detained for thirty-five to forty minutes without being required to post bail, contact pretrial services regularly, or limit travel was insufficient to constitute a seizure); see also Bartow v. Thomas, 2014 U.S. Dist. LEXIS 89943, at *16 (W.D. Pa. July 2, 2014) (finding that the plaintiff failed to sufficiently allege a deprivation of liberty, even if he had been arrested, where he was released on his own recognizance, was not required to report to pretrial services and was not subject to any travel restrictions); Gebhart v. Steffen, et al., 2013 U.S. Dist. LEXIS 54331, at 62 (M.D. Pa. Apr. 15, 2013) (finding that the plaintiff had failed to allege a constitutionally significant deprivation of liberty sufficient to plead her malicious prosecution claim where she was arrested, her bond was set at $100,000 and she was required to attend pretrial court proceedings but she was not required to report to pretrial services and her travel was not restricted); Lopez v. Maczko, et al., 2007 U.S. Dist. LEXIS 63416, at *12 (E.D. Pa. Aug. 16, 2007) (finding insufficient seizure for a Fourth Amendment claim where the only seizure was the plaintiff's arrest which occurred prior to criminal proceedings).

Accordingly, because Mr. Cap cannot establish that he was subjected to a seizure within the meaning of the Fourth Amendment, his claim of a constitutional violation

7

against Defendant Kelshaw must fail.  I will grant the motion to dismiss in its entirety.  Further, allowing Mr. Cap to file an amended complaint would be futile under the circumstances surrounding his state court prosecution for defiant trespass.

The remaining claims are against non-state actors who may be liable for malicious prosecution under state law.  Federal courts may decline to exercise supplemental jurisdiction over uncertain state law issues pursuant to 28 U.S.C. § 1367.  Section 1367(c)(3) provides in pertinent part:  "district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Accordingly, because only state claims remain in this action, I decline to exercise supplemental jurisdiction, and will remand this case to the Court of Common Pleas of Lehigh County.

An appropriate Order follows.